EDMONDSON, Chief judge,
concurring in result.
I agree that we must affirm the judgment for Defendant on the retaliation claim. I also agree that plaintiff is due a trial on the merits for her sexual harass *394 ment claim. I write separately to explain briefly my view of the application of the Faragher/Ellerth defense in the case.
The problematic point, for me, is whether plaintiff has evidenced facts that would allow a reasonable jury to find that plaintiff reasonably took advantage of the preventive and corrective opportunities provided by Lowe’s Home Centers, Inc. In this case, this fact is important: the employer offered a wide array of ways for an employee to report meaningfully to this big company that the employee believed she was being sexually harassed. For example, there is an 800 telephone number to the national corporate headquarters. In addition, Lowe’s publishes several guides outlining steps on how to deal with harassment, which designate several people, including the assistant manager, store manager, and district manager, to receive complaints. And, Lowe’s provides the address of its internal audit department for employees who feel more comfortable writing the company about their claims.
Plaintiff did report the sexual harassment to a low level supervisor: twice actually. But she did this reporting orally and on occasions where she seemingly just happened to encounter the supervisor, who was not the employee’s or the harasser’s supervisor or in the employee’s chain of command or specifically listed as someone to whom such complaints ought to go. I recognize that, among the ways Lowe’s provided its employees to complain, a so-called open-door policy existed that allowed an employee to complain to any member of management. Mainly because she did twice complain to some supervisor, I reluctantly accept that a jury could find that plaintiff reasonably took advantage of what Lowe’s offered. I also believe, however, that a jury could easily find that plaintiff, given all of the circumstances, did not take reasonable advantage of the available corrective opportunities, considering the variety of available alternatives for reporting.
Put differently, I stress that, when an array of reporting mechanisms are available, the use of one and one only is not per se reasonably taking advantage of all that is offered. This conclusion seems especially true where the employee does not get prompt relief from the mechanism — one of many — that she chooses to use to complain. To expect an employee to complain more than once or twice or to expect her to use more than one mechanism to stop conduct that the employee finds objectionable is not unreasonable. Real world experience has taught many of us that it is pretty uncommon for one or two casual complaints to end a problem of any kind, for example, getting a car repaired, a bill corrected, and so on. The extended period of sexual harassment plaintiff says she endured seems not so much related to a wishy-washy leniency on Lowe’s part toward harassment, but to a wishy-washy attitude on plaintiffs part toward seriously reporting the harassment to Lowe’s.
Meaningful notice of ongoing harassment to a national corporation is the goal in a case like this one. Lowe’s as well as plaintiff is in a genuine way the harasser’s victim. It is the national corporation that will pay the damages: not a low level supervisor and not the harasser. The idea of Faragher, as I understand it, is to allow the employer a fan- chance to avoid liability for conduct that the employer in fact does not approve and will stop if given a reasonable chance. Employers who offer a variety of mechanisms for complaint are taking a step that probably makes it more likely that misconduct will be reported and stopped. Sometimes one mechanism will be tried and work; sometimes another. An employer should not be penalized for offering a variety of mechanisms: a plain *395 tiff employee’s utilization of one complaint mechanism out of a variety of mechanisms is not automatically enough to allow a fact-finder to find that the plaintiff reasonably took advantage of the overall opportunities offered by the employer.
In my view, the mechanism of complaint selected by plaintiff in this case was foreseeably likely to be the least effective way to get notice high enough up in Lowe’s management so that something corrective would actually happen. Given the overall system of mechanisms of complaint Lowe’s offered, I believe that, in these circumstances, it is a close question whether plaintiff did “unreasonably fail[] to take advantage of any preventive or corrective opportunities provided by [Lowe’s] or to avoid harm otherwise.” Faragher, 118 S.Ct. at 2293. I understand why the district court thought that plaintiff, as a matter of law, had “unreasonably failed.” Still, although I have doubts about it, I accept that the question can properly go to a jury.